UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KENT A. EASLEY, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) No. 1:11-cv-1276-JMS-DKL |
| | ) |
| MR. SMITH, Superintendent, | ) |
| | ) |
| Respondent. | ) |

## E N T R Y

The petitioner's motion for leave to add newly discovered evidence makes reference to what the petitioner refers to as newly discovered evidence.

- The parties are reminded: "As a general rule, newly discovered evidence that bears only on the question of guilt or innocence is not reviewable by a federal court on a motion for habeas corpus relief," *Moore v. Casperson,* 345 F.3d 474, 491 (7th Cir. 2003) (quoting *Coogan v. McCaughtry,* 958 F.2d 793, 801 (7th Cir. 1992)).

- The motion referenced above outlines certain recent events associated with the present case and associated with the petitioner's own filings in the Indiana Court of Appeals. The petitioner notes that counsel for the respondent in this action is the same attorney representing the State of Indiana in the Indiana Court of Appeals in a case involving the petitioner.

- No information supplied or hinted at by the petitioner in his motion for leave to add newly discovered evidence constitutes a basis on which to invalidate the trial court's revocation of his probation, which is the proceeding challenged here. Whatever the Indiana Court of Appeals has done or is "refusing to do" could not support a cognizable claim under 28 U.S.C. ' 2254(a). *Montgomery v. Meloy,* 90 F.3d 1200, 1206 (7th Cir.) ("[u]nless state collateral review violates some independent constitutional right, such as the Equal Protection Clause, . . . errors in state collateral review cannot form the basis for federal habeas corpus relief"), *cert. denied,* 519 U.S. 907 (1996); *Williams v. State,* 640 F.2d 140, 143-44 (8th Cir.) ("Infirmities in the state's post-conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction. . . . Errors or defects in the state post-conviction proceeding do not, *ipso facto,* render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings."), *cert. denied,* 451 U.S. 990 (1981).

Based on the circumstances outlined above, the petitioner's motion for leave to add newly discovered evidence [13] is **denied.**

    **IT IS SO ORDERED.**

Date: __10/31/2011__

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Kent Easley
DOC # 103481
H4-12UP
Plainfield Correctional Facility
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN 46168

JAMES.MARTIN@ATG.IN.GOV