## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

KENT A. EASLEY,            )
                                     )
                Petitioner,    )
     vs.                      )      No. 1:11-cv-1276-JMS-DKL
                                     )
MR. SMITH, Superintendent,    )
                                     )
             Respondent.    )

## Entry Discussing Petition for Writ of Habeas
## Corpus and Denying Certificate of Appealability

Kent Easley seeks a writ of habeas corpus. The court finds from the pleadings and the expanded record, however, that he is not entitled to that writ and his petition must therefore be **denied**. In addition, the court finds that a certificate of appealability should not issue.

### I. Petition for Writ of Habeas Corpus

The pleadings and the expanded record show the following:

- Kent Easley is confined at an Indiana prison based on the revocation of his probation by the Shelby Superior Court in number 73D01-004-CF-0028.

- The trial court revoked Easley's probation on December 17, 2010. Easley filed a notice of appeal from the revocation of his probation on December 21, 2010.

- Easley's appeal was docketed as number 73A04-1012-CR-003.

- The Indiana Court of Appeals dismissed the appeal docketed as No. 73A04-1012-CR-003 on October 28, 2011, because Easley did not timely file his appellant's brief as ordered.

- Easley filed a petition to transfer on November 9, 2011.

- Easley's petition to transfer is pending.

Easley's custodian is the respondent in this action and opposes Easley's petition for a writ of habeas corpus.

"[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990).

ABefore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies.@ *Baldwin v. Reese,* 541 U.S. 27, 29 (2004)(citing 28 U.S.C. ' 2254(b)(1)). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(d). The exhaustion requirement is that a state prisoner, before filing a habeas petition, has presented the highest state court available with a fair opportunity to rule on the merits of each claim he seeks to raise in this case. 28 U.S.C. ' 2254(b), (c). *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues.").

In this case, the procedural inquiry is conclusive as to the proper outcome. As noted, Easley's challenge in the Indiana state courts is not complete. This is because his petition to transfer is pending, and this shows that his present habeas filing was premature.

Easley makes three points in reply to the respondent's failure-to-exhaust argument. He first outlines in considerable detail the facts he believes establish the merits of his underlying challenge to the revocation of his probation. He next asserts that he has in fact exhausted available state court remedies. His final point is that the trial court has impeded his effort to appeal properly and that the Indiana appellate courts have not vindicated his due process rights associated with those efforts.

None of these considerations either show that the exhaustion requirement has been satisfied or that there are circumstances showing that such remedies are unavailable to Easley or would be ineffective to protect his rights. *See* 28 U.S.C. § 2254(b)(1).

Easley's motion for production of documents [22] is **denied as moot**.

# Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254* proceedings, and 28 U.S.C. § 2253(c), the court finds that Easley has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling[s]." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

**IT IS SO ORDERED.**

Date: _01/20/2012_ _____

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana